IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Brooke L.,                                      :
                                                :        Case No. 1:25-cv-622
         Plaintiff,                             :
                                                :        Judge Susan J. Dlott
         v.                                     :
                                                :        Order Adopting Report and
Commissioner of Social Security,                :        Recommendation
                                                :
         Defendant.                             :

This matter is before the Court on the Report and Recommendation ("R&R") issued by

Magistrate Judge S. Courter Morris Shimeall on May 4, 2026, in this disability insurance

benefits case.  (Doc. 13.)  The Magistrate Judge recommends that the Court affirm the decision

of Defendant Commissioner of Social Security ("Commissioner").  (*Id.* at PageID 787.)  On May

18, 2026, Plaintiff Brooke L. filed an Objection, after which the Commissioner filed a Response.

(Docs. 14, 15.)  For the reasons that follow, the Court will **OVERRULE** Plaintiff's Objection

and **ADOPT** the R&R.

I.       **BACKGROUND**

As set forth by the Magistrate Judge in his R&R, Plaintiff first applied for disability

insurance benefits on July 3, 2023, alleging disability as of March 1, 2023, due to post-traumatic

stress disorder, bipolar disorder, anxiety, a stress disorder, and depression.  (Doc. 7 at PageID

85–86.)  Plaintiff's application was initially denied on December 1, 2023, and again denied upon

reconsideration on May 28, 2024.  (*Id.* at PageID 99, 105.)  Then on March 14, 2025, the

Administrative Law Judge ("ALJ") for the Social Security Administration ("SSA") issued a

decision finding that Plaintiff was not disabled within the meaning of the Social Security Act.

(*Id.* at PageID 40–52.)

1

An ALJ follows a five-step sequential evaluation process to determine if a claimant is disabled:

1) If the claimant is doing substantial gainful activity, the claimant is not disabled.

2) If the claimant does not have a severe medically determinable physical or mental impairment—i.e., an impairment that significantly limits his or her physical or mental ability to do basic work activities—the claimant is not disabled.

3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.

4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)).[1]

The ALJ made the following relevant findings (using the numbers provided in the ALJ's decision):

2. [Plaintiff] has not engaged in substantial gainful activity since March 1, 2023, the alleged onset date (20 CFR 404.1571 et seq.).

3. [Plaintiff] has the following severe impairments: a depressive disorder; an anxiety disorder; and a post-traumatic stress disorder ("PTSD") (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that [Plaintiff] has the residual functional capacity to perform a full range of work at

---

[1] A dispositive finding at any step terminates the ALJ's review. *See Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).

all exertional levels but with the following non-exertional limitations: she could understand, remember, and carry out simple instructions. She could use judgment to make simple work-related decisions. She could not perform work requiring a specific production rate such as assembly line work. She could deal with occasional changes in a routine work setting. She could occasionally interact with supervisors and coworkers, but she could not perform tandem tasks or negotiations. Finally, she could never interact with the public.

6. [Plaintiff] is unable to perform her past relevant work (20 CFR 404.1565).

10. Considering [Plaintiff's] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

(*Id.* at PageID 42–44, 49–50.)  The ALJ concluded Plaintiff was not disabled within the meaning of the Social Security Act from March 1, 2023, through the date of decision, March 14, 2025. (*Id.* at PageID 51.)  The Appeals Council then denied Plaintiff's request for review on June 26, 2025.  (*Id.* at PageID 23.)

Subsequently, Plaintiff filed the present federal lawsuit seeking judicial review of the ALJ's finding that she was not disabled.  (Doc. 6.)  Plaintiff alleges that

1. The Administrative Law Judge improperly evaluated the evidence of record; 2. Doing so resulted in an improper residual functional capacity determination; 3. As a result of the improper residual functional capacity determination, the Administrative Law Judge's finding that Plaintiff could perform work existing in significant numbers is not supported by substantial evidence on the record as a whole.

(*Id.* at PageID 2.)  Plaintiff asserts one Statement of Error contending that "[t]he ALJ failed to properly consider and evaluate the . . . mandatory factor of supportability" when weighing the medical source opinion of Sharon Grimes, N.P.  (Doc. 10 at PageID 757.)  Defendant filed a Memorandum in Opposition to Plaintiff's Statement of Specific Errors.  (Doc. 12.)

On May 4, 2026, the Magistrate Judge issued the pending R&R in which he recommended the Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's decision.  (Doc. 13.)  The Magistrate Judge specifically concluded that "the ALJ sufficiently

3

addressed the supportability factor with respect to Ms. Grimes's opinion." (*Id.* at PageID 793.) In reaching this conclusion, the Magistrate Judge noted that the ALJ considered Ms. Grimes's use of a check-the-box assessment regarding Plaintiff's ability to do work-related activities as well as Ms. Grimes's own treatment records. (*Id.* at PageID 793–794; *see also* Doc. 7 at PageID 476–478.) The Magistrate Judge then found that after the ALJ had compared Ms. Grimes's benign clinical findings and recommended conservative treatment plan to her opined workplace limitations, the ALJ surmised it "reasonable to assume [Ms. Grimes] relied heavily on [Plaintiff's] subjective complaints to complete her" assessment. (Doc. 13 at PageID 795; Doc. 7 at PageID 49.) As such, the Magistrate Judge found that the ALJ did not err in finding Ms. Grimes's opinion unsupported. (Doc. 13 at PageID 795); *see also Hopkins v. Comm'r of Soc. Sec.*, No. 23-5696, 2024 WL 3688302, at *3 (6th Cir. Apr. 9, 2024) (upholding the ALJ's supportability determination when the medical provider relied heavily on the plaintiff's subjective complaints (citing *Kepke v. Comm'r of Soc. Sec.*, 636 F. App'x 625, 629 (6th Cir. 2016) (stating that "[r]egardless of any inherent subjectivity in the field of psychiatry, a [medical professional] cannot simply report what [her] patient says and re-package it as an opinion"))).

On May 18, 2026, Plaintiff filed an Objection to the R&R. (Doc. 14.) Defendant filed a Response to Plaintiff's Objection on May 21, 2026. (Doc. 15.) Because Plaintiff's Objection is improper and because the ALJ adequately considered the supportability factor in evaluating Ms. Grimes's medical opinion, Plaintiff's Objection will be overruled.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure Rule 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to file and serve specific written

objections to the report and recommendations. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party files objections to a report and recommendation on a dispositive matter, a district judge must review the objections under the *de novo* standard. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantially similar).

A party must properly object in order for an objection to be reviewed by the district court under the *de novo* standard. That is, the objecting party must identify specific legal or factual errors within the report and recommendation rather than simply restating previous arguments. *Sims v. Gray*, No. 23-3015, 2023 WL 5127125, at *2 (6th Cir. June 2, 2023). The objecting party has the duty to pinpoint those portions of the report and recommendation that the district court must consider. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (internal quotation marks and citation omitted). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). As long as a party was properly informed of the consequences of failing to object, the party waives subsequent review by the district court and appeal if the party fails to file a proper objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

## III.     ANALYSIS

Plaintiff failed to properly object to the Magistrate Judge's finding that "the ALJ sufficiently addressed the supportability factor with respect to Ms. Grimes's opinion." (Doc. 13 at PageID 793.) Plaintiff's Objection does not pinpoint any factual or legal errors in the Magistrate Judge's R&R and instead simply restates previous arguments. (Doc. 14); *Sims*, 2023

5

WL 5127125 at *2.  In her Objection, Plaintiff states that "[t]he Magistrate Judge copied and pasted a few paragraphs from the ALJ's decision to allegedly demonstrate that the ALJ adequately addressed the supportability factor" and that "[t]he Magistrate Judge pointed to evidence from Grimes' treatment notes that described [Plaintiff's] stress as 'situational' and that there was intact memory with 'generally unremarkable clinical findings.'"  (Doc. 14 at PageID 799.)  Plaintiff recites arguments regarding the ALJ's reasoning rather than the Magistrate Judge's, even titling her sole objection to the R&R "The ALJ Violated 20 C.F.R. § 404.1520c During the Evaluation of Grimes' Treating Source Opinions."  (*Id.*)  The brief references to the Magistrate Judge's opinion do not point to a specific legal or factual error, but instead they demonstrate the Magistrate Judge's reasoning for finding that the ALJ sufficiently considered the supportability factor. Consequently, Plaintiff's Objection "does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Cole*, 7 F. App'x at 356.

Even under a *de novo* review, Plaintiff's Objection fails on the merits. An ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources."  20 C.F.R § 404.1520c(a).  Instead, an ALJ must use the following factors when considering medical opinions or administrative medical findings: supportability; consistency; relationship with the claimant; specialization; and other factors including, but not limited to, whether "a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements."  20 C.F.R. § 404.1520c(c)(1)–(5). Supportability is the only factor at issue in this case.

The supportability factor recognizes that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support . . . her

medical opinion(s) . . ., the more persuasive the medical opinions . . . will be." 20 C.F.R. § 404.1520c(c)(1). "Although the ALJ is not required to use the 'magic word[]' of 'supportability' . . . when describing their reasoning, the ALJ must still provide sufficient reasoning, scaffolded with references in the medical record to support their decision, enough for a subsequent reviewer to trace the lines of their reasoning." *Mertle v. Comm'r of Soc. Sec.*, No. 3:24-CV-00832, 2024 WL 5160189, at *8 (N.D. Ohio Dec. 19, 2024).

Here, the ALJ highlights discrepancies between Ms. Grimes's treatment records and Ms. Grimes's indicated limitations in the check-the-box assessment of Plaintiff's ability to do work-related activities. (Doc. 7 at PageID 45–49.) The ALJ pointed to Ms. Grimes's treatment records outlining a conservative course of treatment and noting, with agreement, that Plaintiff self-described her anxiety as primarily "situational." (*Id.* at 45–49, 665–745.) Additionally, the ALJ emphasized that Ms. Grimes consistently recorded in her treatment notes that Plaintiff demonstrated "good recall" with respect to short- and long-term memory, yet in the check-the-box assessment Ms. Grimes indicated that Plaintiff had moderate difficulties remembering simple instructions and marked limitations in remembering complex instructions. (*Id.* at PageID 47–48, 476–478, 665–745.) Because Ms. Grimes's opined limitations departed from her own treatment records, the ALJ reasonably concluded that Ms. Grimes relied on Plaintiff's subjective reports in order to complete the medical source statement, and as such found Ms. Grimes's opinion to be unsupported. (Doc. 7 at PageID 49); *see Hopkins*, 2024 WL 3688302, at *3 (upholding the ALJ's determination that the medical provider's opinion was unsupported because she relied heavily on the plaintiff's subjective complaints).

## IV.    CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R is **ADOPTED** (Doc. 13),

Plaintiff's Objection is **OVERRULED** (Doc. 14), and the Commissioner's decision is

**AFFIRMED**.

       **IT IS SO ORDERED.**

                BY THE COURT:


                S/Susan J. Dlott
                Susan J. Dlott
                United States District Judge